UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA

| | |
|---|---|
| LAWRENCE WEBSTER, )<br>)<br>Petitioner, )<br>)<br>v. )<br>)<br>WILLIAM WILSON, )<br>)<br>Respondent. ) | CAUSE NO. 3:06-CV-258 TS |

**OPINION AND ORDER**

Petitioner Lawrence Webster, a prisoner confined at the Westville Correctional Facility, submitted a petition for writ of *habeas corpus* pursuant to 28 U.S.C. § 2254, dealing with loss of earned credit time in a prison disciplinary hearing.

Indiana law requires that DNA profiles be kept for persons convicted of committing specified crimes. *See* Ind. Code Ann. §§10-1-9-10. Pursuant to this statute, prison officials ordered Mr. Webster to provide a blood sample. Mr. Webster refused to provide a sample without first speaking to his attorney, and a prison official wrote a conduct report against him. On December 7, 2005, a disciplinary hearing board found Mr. Webster guilty of refusing to provide a blood sample for the state's DNA data base, in violation of state law.

At the hearing, Mr. Webster stated "I wanted to talk to my lawyer first. My lawyer told me I should have done it. I did refuse [be]cause I had to talk to my lawyer." (Respondent's Exhibit D, Report of Disciplinary Hearing). The board sanctioned Mr. Smith by recommending that he be deprived of 120 days of earned credit time, and demoted to a lower credit time earning classification. He unsuccessfully appealed to the facility superintendent and the final reviewing authority.

Where prisoners lose good time credits at prison disciplinary hearings, the Fourteenth Amendment's Due Process Clause guarantees them certain procedural protections, including (1)

advance written notice of the charges; (2) an opportunity to be heard before an impartial decision maker; (3) opportunity to call witnesses and present documentary evidence in defense when consistent with institutional safety and correctional goals; and (4) a written statement by the fact finder of evidence relied on and the reasons for the disciplinary action, *Wolff v. McDonnell*, 418 U.S. 539 (1974), and "some evidence" to support the decision of the prison disciplinary board." *Superintendent, Mass. Correctional Institution v. Hill*, 472 U.S. 445, 455 (1985).

In his petition for writ of habeas corpus, Mr. Webster asserts that prison officials did not allow him to consult with legal counsel before complying with the request to provide blood, that they wrote him up even though they were still performing tests when he spoke with his attorney who advised him to comply, and that they did not inform him "of any requirement that would allow the taking of blood without a search warrant." All of Mr. Webster's grounds deal with his belief that he was entitled to consult with counsel before providing a blood sample for a state DNA database.

Indiana law requires prison officials to collect DNA samples from prisoners found guilty of certain crimes and, pursuant to that law, they ordered Mr. Webster to provide a DNA sample. Mr. Webster essentially contends that prison officials could not require him to submit to the test without speaking to his attorney first. But he cites no authority to support this proposition; indeed, when Mr. Webster spoke to his attorney, the attorney told him he should have submitted to the test.

Mr. Webster asserts that he was "entitled to consult with legal counsel prior to any decisions involving the criminal justice system of criminal charges." (Petition at p. 2). However, collecting DNA samples does not involve criminal charges, nor does it require a search warrant. *Shelton v. Gudmanson*, 934 F. Supp. 1048, 1051 (W.D.Wis. 1996) (prison officials' collection of DNA samples pursuant to state law was not an unreasonable search under the Fourth Amendment and required no warrant).

Mr. Webster does not contend that he did not have advance written notice of the charges

2

against him, an opportunity to be heard before an impartial decision maker or, an opportunity to present a defense, nor does he allege that he did not receive a written statement by the fact finder of evidence relied on and the reasons for the disciplinary action, all of which are required by *Wolff v. McDonnell*. The conduct report and Mr. Webster's own statement provide sufficient evidence to support a finding of guilt under the standard established by *Superintendent, Mass. Correctional Institution v. Hill*.

For the foregoing reasons, the court the court DENIES this petition.

SO ORDERED on March 7, 2007.

    /s/ Theresa L. Springmann
THERESA L. SPRINGMANN
UNITED STATES DISTRICT COURT
FORT WAYNE DIVISION